IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SUZANNE CARIS ) | CASE NO: 3:14-cv-01542 |
| ) | |
| Plaintiff, ) | JUDGE: JAMES G. CARR |
| ) | |
| vs. ) | MAGISTRATE JUDGE: |
| ) | JAMES R. KNEPP, II |
| MATERION BRUSH INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MATERION BRUSH INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
(JURY DEMAND ENDORSED HEREON)**

Defendant Materion Brush Inc. ("Materion"), for its Answer to Plaintiff's Complaint, states as follows:

1. Materion admits Plaintiff was employed by Materion in Ottawa County for a period of time. Materion is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 1 of the Complaint.

2. Materion admits the allegations contained in paragraph 2 of the Complaint.

3. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Materion denies the allegations contained in paragraph 4 of the Complaint.

5. Materion denies the allegations contained in paragraph 5 of the Complaint.

6. Materion denies the allegations contained in paragraph 6 of the Complaint.

7. Materion denies the allegations contained in paragraph 7 of the Complaint.

8. Materion denies the allegations contained in paragraph 8 of the Complaint.

9. Materion admits that on or about September 17, 2012, Plaintiff was given a final warning and ten (10) day suspension. Materion denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Materion denies the allegations contained in paragraph 10 of the Complaint.

11. Materion denies the allegations contained in paragraph 11 of the Complaint.

12. Materion denies the allegations contained in paragraph 12 of the Complaint.

13. Materion denies the allegations contained in paragraph 13 of the Complaint.

14. Materion admits Plaintiff returned to work after serving her ten (10) day suspension and that Mr. Morris returned to work after serving his ten (10) day suspension. Materion denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Materion admits Plaintiff was on medical leave pursuant to the Family Medical Leave Act. Materion denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Materion denies the allegations contained in paragraph 17 of the Complaint.

18. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph18 of the Complaint.

19. Materion admits that Shelly Lizyness communicated to Plaintiff on the telephone that she was on suspension until further notice. Materion is without knowledge or information sufficient to form a belief as to whether Plaintiff called Materion's ethics hotline. Materion denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Materion admits Plaintiff was terminated from her employment on or about March 6, 2013. Materion denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Materion denies the allegations contained in paragraph 21 of the Complaint.

22. Materion denies the allegations contained in paragraph 22 of the Complaint.

23. Materion denies the allegations contained in paragraph 23 of the Complaint.

## COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §§ 2000e et seq.
### SEX DISCRIMINATION/SEXUAL HARASSMENT/HARASSMENT BASED ON SEX

24. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 23 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 24 of the Complaint.

25. Materion admits the allegations contained in paragraph 25 of the Complaint.

26. Materion admits the allegations contained in paragraph 26 of the Complaint.

27. Materion denies the allegations contained in paragraph 27 of the Complaint.

28. Materion denies the allegations contained in paragraph 28 of the Complaint.

29. Materion denies the allegations contained in paragraph 29 of the Complaint.

30. Materion denies the allegations contained in paragraph 30 of the Complaint.

## COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §§ 2000e et seq.
### RETALIATION

31. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 30 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 31 of the Complaint.

32. Materion denies the allegations contained in paragraph 32 of the Complaint.

## COUNT III
### THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12101 et seq.
### DISABILITY DISCRIMINATON

33. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 32 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 33 of the Complaint.

34. Materion denies the allegations contained in paragraph 34 of the Complaint.

## COUNT IV

### VIOLATIONS OF O.R.C. § 4112.99
### SEX DISCRIMINATION/SEXUAL HARASSMENT/HARASSMENT BASED ON SEX

35. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 34 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 35 of the Complaint.

## COUNT V
## VIOLATIONS OF O.R.C. § 4112.99
## RETALIATION

36. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 35 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 36 of the Complaint.

## COUNT VI
## VIOLATIONS OF O.R.C. § 4112.99
## DISABILITY DISCRIMINATION

37. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 36 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 37 of the Complaint.

## COUNT VII
## FAMILY AND MEDICAL LEAVE ACT (FMLA)
## 29 U.S.C. §§ 2601 et seq.

38. Materion restates each and every admission, denial or affirmative statement set forth in paragraphs 1 through 37 of this Answer, as if fully rewritten herein in response to the allegations contained in paragraph 38 of the Complaint.

39. Materion admits the allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 recite matters of law to which no response is required.

41. Materion denies the allegations contained in paragraph 41 of the Complaint.

42. To the extent any factual allegation has not been denied and is suitable for a response, Materion denies each and every allegation.

43. To the extent the Prayer for Relief contains factual allegations, the allegations are denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

All actions taken by Materion and all decisions made by Materion with respect to Plaintiff were made in good faith and for legitimate business reasons.

### THIRD AFFIRMATIVE DEFENSE

Materion acted in good faith and had reasonable grounds at all times to believe that its actions and decisions with respect to Plaintiff complied with state and federal law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent she has failed to mitigate all of her alleged damages. In addition, any claim for the loss of compensation must be reduced by interim earnings and/or other forms of compensation received and/or earnable with reasonable diligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery to the extent of her own misdeeds, non-misdeeds, actions or inactions caused from all of the injuries or damages alleged in her Complaint and she is, estopped from recovering any damages from Materion.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, did not result in whole or in part from Materion's actions.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because Plaintiff failed to exhaust administrative remedies and/or to satisfy administrative prerequisites.

## EIGHTH AFFIRMATIVE DEFENSE

Materion's conduct toward Plaintiff was not malicious, intentional, willful or in reckless disregard of her rights.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages against Materion, unless Materion's liability for punitive damages and the appropriate amount of punitive damages is established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and by the Ohio Constitution and would be improper under the common law and public policies of Ohio.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages must be bifurcated.

## ELEVENTH AFFIRMATIVE DEFENSE

Materion hereby gives notice that it intends to rely on other defenses and/or affirmative defenses as may become available or known during discovery in this case and hereby reserves the right to amend its Answer and to assert these additional defenses.

**WHEREFORE,** having fully answered, Defendant Materion Brush Inc. prays that Plaintiff's Complaint be dismissed with prejudice and all costs and attorneys' fees be awarded to Defendants, together with such other or different relief as this Court may deem just and proper.

{01640320 - 1}

Respectfully submitted,

/s/ Jonathan D. Greenberg
Jonathan D. Greenberg (Reg. No. 0000687)
Email: *jgreenberg@walterhav.com*
Direct Dial: 216-928-2977
Eric J. Johnson (Reg. No. 0072939)
Email: *ejohnson@walterhav.com*
Direct Dial: 216-928-2890
Patricia F. Weisberg (Reg. No. 0029995)
Email: *pweisberg@walterhav.com*
Direct Dial: 216-928-2928

WALTER & HAVERFIELD LLP
The Tower at Erieview
1301 E. Ninth Street
Suite 3500
Cleveland, OH 44114-1821
(216) 781-1212 / Fax: (216) 575-0911

Attorneys for Defendant Materion Brush Inc.

## JURY DEMAND

Defendant Materion Brush Inc. hereby demands that issues triable by jury are tried by a jury of the maximum number permitted by law.

/s/ Jonathan D. Greenberg
One of the Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer has been filed this 18th day of July, 2014 through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

/s/ Jonathan D. Greenberg
Jonathan D. Greenberg